UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JOHN MANNERY,

        Plaintiff,

v.                                       Case No. 17-C-1464

MILWAUKEE COUNTY and
JUDGE JEFFERY CONAN,

        Defendants.

## ORDER

Plaintiff John Mannery, a Wisconsin state prisoner who is representing himself, filed a complaint alleging that the defendants violated his civil rights. This case was originally assigned to U.S. Magistrate William E. Duffin and not all parties have had the opportunity to consent to magistrate judge jurisdiction. Therefore, this case was randomly reassigned to this U.S. District Court judge for screening of the complaint.

**PLAINTIFF'S MOTION TO PROCEED WITHOUT
PREPAYMENT OF THE FILING FEE**

The Prison Litigation Reform Act (PLRA) applies to this case because plaintiff was incarcerated when he filed his complaint. The PLRA allows prisoners to proceed with their lawsuits without prepaying the $350 filing fee, as long as they comply with certain requirements. 28 U.S.C. §1915. One of those requirements is that the prisoner pay an initial partial filing fee.

On November 20, 2017, Judge Duffin ordered plaintiff to pay an initial partial filing fee of $1.33. ECF No. 10. Plaintiff paid $3.00 on December 1, 2017. Therefore, the Court will grant plaintiff's motion to proceed without prepayment of the full filing fee.

**SCREENING OF THE COMPLAINT**

The PLRA requires federal courts to screen complaints brought by an incarcerated plaintiff who seeks relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court can dismiss an action or portion thereof if the claims alleged are "frivolous or malicious," fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

To state a claim under the federal notice pleading system, plaintiff must provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). The complaint need not plead specific facts, and need only provide "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). "Labels and conclusions" or a "formulaic recitation of the elements of a cause of action" will not do. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555).

The factual content of the complaint must allow the court to "draw the reasonable inference that defendant is liable for the misconduct alleged." *Id*. Allegations must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Factual allegations, when accepted as true, must state a claim that is "plausible on its face." *Iqbal*, 556 U.S. at 678.

Federal courts follow the two step analysis set forth in *Twombly* to determine whether a complaint states a claim. *Id*. at 679. First, the court determines whether plaintiff's legal conclusions

are supported by factual allegations. *Id*. Legal conclusions not supported by facts "are not entitled to the assumption of truth." *Id*. Second, the court determines whether the well-pleaded factual allegations "plausibly give rise to an entitlement to relief." *Id*. Courts give *pro se* allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

**1. Allegations in the Complaint**

Plaintiff states that Milwaukee County Circuit Court Judge Jeffery Conan "misused his power" during the plaintiff's criminal trial. ECF No. 1 at 2. Plaintiff does not explain what Judge Conan said or did to "misuse his power" but Judge Conan allegedly admitted to doing so during a "heated conversation" at plaintiff's sentencing. *Id*. at 3. At sentencing, plaintiff stated "you sabotaged my case from the beginning," and Judge Conan replied "You're right. I did." *Id*. at 3. When the plaintiff stated that he hoped that "this is being recorded," Judge Conan stated "I didn't mean to say that." *Id*. The plaintiff believes that Judge Conan was "bias and impartial." *Id*. He seeks monetary damages and asks that the judge be investigated. *Id. at 4*.

**2. The Court's Analysis**

Judges are entitled to absolute immunity for their judicial conduct unless they acted in the absence of all jurisdiction. *See Polzin v. Gage*, 636 F.3d 834, 838 (7th Cir. 2011). Judicial immunity serves as a device for "discouraging collateral attacks" and to "establish appellate procedures as the standard system for correcting judicial error." *Forrester v. White*, 484 U.S. 219, 225 (1988). It also "protect[s] judicial independence by insulating judges from vexatious actions prosecuted by disgruntled litigants." *Id.* A state court trial judge has jurisdiction over a defendant during a criminal trial and sentencing. *See Polzin*, 636 F.3d at 838. Thus, Judge Conan is absolutely immune

3

for his judicial conduct during plaintiff's trial and sentencing. Plaintiff should file an appeal with the Wisconsin Court of Appeals to correct any judicial errors he believes occurred during his criminal trial and sentencing.

Further, plaintiff does not include any factual allegations against Milwaukee County (the other named defendant). Thus, the Court will dismiss this case for failure to state a claim.

**NOW, THEREFORE, IT IS ORDERED** that plaintiff's motion for leave to proceed without prepayment of the filing fee (ECF No. 2) is **GRANTED**. The agency having custody of plaintiff shall collect from his institution trust account the **$347.00** balance of the filing fee by collecting monthly payments from plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to plaintiff's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If plaintiff is transferred to another institution, county, state, or federal, the transferring institution shall forward a copy of this Order along with plaintiff's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim. The Clerk of Court shall enter judgment accordingly.

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. § 1915(g).

**IT IS ALSO ORDERED** that a copy of this order be sent to the officer in charge of the agency where plaintiff is confined.

4

This order and the judgment to follow are final. A dissatisfied party may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within 30 days of the entry of judgment. *See* Fed. R. of App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A).

Under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within 28 days of the entry of judgment. The Court cannot extend this deadline. *See* Fed. R. Civ P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The Court cannot extend this deadline. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated this 21st day of December, 2017.

s/ William C. Griesbach<br>
William C. Griesbach, Chief Judge<br>
United States District Court